# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE DISCIPLINE OF LUIS J. ROJAS, BAR NO. 5107.

No. 69787

**FILED**

JUN 14 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for attorney discipline arising from attorney Luis J. Rojas's felony conviction in United States District Court for the District of Nevada, pursuant to a guilty plea, of willfully making a false statement in a matter within the jurisdiction of a governmental agency in violation of 18 U.S.C. § 1001.

After a hearing, the panel found that Rojas had violated RPC 8.4(b) (misconduct: criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness to practice law) and RPC 8.4(c) (misconduct: conduct involving dishonesty, fraud, deceit, or misrepresentation). The panel found two aggravating factors (selfish motive and substantial experience in the practice of law) and six mitigating factors (absence of a prior disciplinary record, personal or emotional problems, timely good faith effort to rectify consequences of misconduct, full disclosure or cooperation in the disciplinary proceeding,

SUPREME COURT
OF
NEVADA

(O) 1947A

character and reputation, and remorse). *See* SCR 102.5(1), (2). Based on the violations, the panel recommended that Rojas be suspended from the practice of law for the term of his felony probation or 18 months, whichever is longer, pay a $25,000 fine to the State Bar of Nevada Client Security Fund as a condition of reinstatement, and pay the disciplinary proceeding costs, excluding Bar Counsel and staff salaries.

This court reviews the panel's conclusions of law and recommendation de novo, but employs a deferential standard of review for findings of fact. SCR 105(3)(b). The State Bar has the burden of showing by clear and convincing evidence that the attorney committed the violations charged. *See In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). In determining the appropriate disciplinary sanction, four factors are to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). The purpose of attorney discipline is not to punish an attorney but to protect the public and the integrity of the bar. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 129, 756 P.2d 464, 473 (1988).

We conclude that clear and convincing evidence supports the panel's findings of misconduct since Rojas received a felony conviction related to a false statement he made in connection with the sale of his home. As to the extent of discipline, the felony conviction constitutes a serious offense, *see* SCR 111(6), and contains certain elements of misrepresentation and false swearing that would ordinarily warrant a four-year suspension. *See* ABA Standards for Imposing Lawyer Sanctions,

*Compendium of Professional Rules and Standards,* Standards 5.11 and 5.12 (2015 ed.). Nevertheless, multiple mitigating factors are present in this case and weigh in favor of a lesser term of suspension. It was undisputed that Rojas had no prior discipline, self-reported the matter to the State Bar, and fully cooperated in the proceeding. Rojas described to the hearing panel his financial struggles and frustrations during an economically turbulent time, his desire to retain his family home, and his sincere remorse for his actions. Rojas provided multiple letters from attorneys who had worked with him over the course of his legal career attesting to his good character and reputation. He also furnished a letter written by the United States Attorney who had prosecuted his federal case, which highlighted mitigating factors—the lack of identifiable loss to the lender and the lender's bad faith negotiations—that led to a noncustodial federal sentence and should weigh in favor of leniency in any bar disciplinary proceedings. Under these circumstances, we conclude that the discipline recommended by the hearing panel is appropriate.

Accordingly, we suspend Rojas from the practice of law for the term of his felony probation or for a term of 18 months beginning retroactively on the date of his temporary suspension on May 1, 2015, whichever is longer. Rojas shall pay the disciplinary proceeding costs, excluding Bar Counsel and staff salaries, within 30 days from his receipt of an invoice from the State Bar. Because the imposed suspension is longer than six months, Rojas must petition the State Bar for reinstatement to practice law. SCR 116. Rojas shall also pay a $25,000 fine to the State Bar of Nevada Client Security Fund as a condition of

reinstatement. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

PICKERING, J., dissenting:

I do not agree that an 18-month suspension for a federal felony conviction involving elements of fraud and false swearing by an attorney is sufficient or in harmony with how we have processed other comparable cases. Rojas essentially structured a short sale of his personal residence to himself, thereby eliminating a substantial mortgage, and in

SUPREME COURT
OF
NEVADA

(O) 1947A

the process, knowingly made a false statement on a form within the jurisdiction of the United States Department of Housing and Urban Development. The nature of his felony conviction warrants more significant discipline than an 18-month suspension. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards*, Standard 5.11 (disbarment is generally appropriate when the conduct includes an element of "intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation," or when the "lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice"); Standard 5.12 (suspension is appropriate for knowing criminal conduct that does not contain elements in 5.11 but nonetheless seriously and adversely reflects on the lawyer's fitness) (2015 ed.). Although Rojas presented several mitigating factors, he also has substantial experience in the law, knew that his conduct made the transaction illegal, and was motivated by personal financial gain. *See* SCR 102.5. For these reasons, I respectfully dissent.

_____, J.
Pickering

cc: Chair, Southern Nevada Disciplinary Panel
Stein & Rojas
C. Stanley Hunterton, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court

Supreme Court
OF
Nevada

(O) 1947A

5